Good morning, Your Honor. Good morning. My name is Glenn Cartlidge, and I represent the appellant, Carlos Gurry, and I'd like to reserve at least five minutes for rebuttal. I'd like to address, first of all, the 60B motion ruling by the district court and why we feel very strongly that that was an incorrect ruling. The district court said about prior counsel that four of his claims that he presented were conclusory, that five of the claims were unintelligible, that two others were not completely clear, that at least three of the claims that he raised were not federalized, and the court complained about an absence of facts in at least eight of those claims. The court also mentioned that much of the filings made by prior counsel was cut and pasted from state court filings, and by the way, a lot of those were pro se pleadings. Without any citation to the record, and entailing what the court called a scatter shot of claims, and some of them unintelligible, and I'm quoting from the district court at this point, many of them repeating other claims in the petition, and none of them well developed. I have no doubt that the court, as it said it did, reviewed the entire record, and then denied the Rule 60 motion and all of the habeas claims on that basis. The court criticized present counsel for not raising a sufficient amount of the issues and for delving into the issues and raising the claims so that it could make a determination of whether there really were any other claims that were outside of the record that could have been brought by prior counsel. And my answer to those two concerns are this. First of all, as this court is well aware, a habeas counsel's job in post-conviction review is not just to raise claims and to make the job easier for the court. In my office, these files, I'm five feet two, they stand three times my height. That's how big the files are. I don't think that as CJA appointed counsel, as a matter of fact, I did go outside of my own appointment in making the 60B motion because I was so disturbed by what the court itself said about prior counsel's conducting the case and also by what I saw in the record as I was able to review it. The very thing that the court wanted me to present to it is what makes a habeas review different from a direct appeal. This counsel, prior counsel, did not investigate. He did not file a discovery motion. He didn't request an investigator or any other experts. No ache of psychological witness, no eyewitness. He didn't even read the files. He didn't ask for the record to be expanded. He didn't talk with the client except briefly. He ignored deadlines, and we set that out quite extensively in the filings. I guess what really bothers me the most is for the court to have appointed counsel under the CJA 18 U.S.C. section 3006A, appoint CJA counsel, the counsel doesn't do his job, doesn't expand the record and make this a habeas proceeding. We come in, we file a 60B motion and say, let us open this back up and look at this again, and the court says, no, you can't do that because I've read everything, and I have no doubt the court did read everything, but everything wasn't presented. There were numerous claims that could have been presented in this case that were not. For example, I think there was evidence about the other witnesses and the various statements made there, and Ortel and how her statement was not particularly reliable. The differences between the way the other witnesses at the bank robbery saw things and the way she saw them, the juror misconduct, the publicity, the collusion between the defense counsel and the prosecutors in trying to get this trial as a joint trial on a deaf, qualified jury and my client, the magistrate's conflict of interest in sending out mailers to the media, the statements by the co-defendant in his confession exonerating Mr. Gurry, the interpreter problem, and general IAC problems that didn't come through. I think that the district court erred in not allowing us to reopen the case and look at this and be able to present Mr. Gurry's claims, and I'm going to reserve the rest of my time to hear what the State has to say. Thank you, counsel. Mr. Kneedert. If it pleases the court, my name is David Kneedert. I'm a Deputy Attorney General for the State of Nevada. I think Ms. Cartlidge spent all of her time on the Rule 60 motion and, quite frankly, it's the State's position that the judge did not abuse his discretion in denying that motion. The case had been pending for a significant amount of time. The procedural history is set out as it's set out and the case was going for three or four years. I'm not going to stand up here, certainly, and defend what Ms. Cartlidge's claim is. In fact, there is at least one motion filed by myself with my signature on it because an amended petition, something he styled an amended petition, I had a problem with because I did not believe it complied with Rule 2C of the rules governing habeas corpus rules. I'm not saying that Mr. Picker was the best habeas counsel I've ever seen. I certainly disagree with that. I think the record is pretty clear he was not. Close to the worst? I've seen worse, believe it or not. I've been doing this for eight years now and I've seen a lot. He certainly, if we had to put him on a scale of one to ten, one being horrible and ten being, I'd say Clarence Darrow, but I don't know if he ever did habeas corpus, he'd probably be a two or a three. It was not very good and it's very obvious that his petitions were basically cut and paste. He took arguments that were raised in one place and put it down as, here's the ground. But what Ms. Cartlidge would really like is she would like this court to create sort of a rule of ineffective assistance of habeas corpus counsel. Now, ineffective assistance of counsel in post-conviction is certainly not allowed under the habeas corpus statute. And so she's trying to shoehorn it in by saying, well, gee, if I'd ever had a bad habeas corpus attorney, I'm now allowed to come out and now ask for relief from judgment under Rule 50, saying, well, my previous discretionarily appointed counsel was ineffective. And because he was ineffective, I should be able to basically start all over again. What if he were a one? I think that would go so far as even if he was a one, because you do not have the right to effective assistance of post-conviction counsel. We had this case, I was on the panel a couple of years ago, three years ago, maybe even down in Bank, where the Clark County Public Defender's Office had a policy of giving a lie detector test to new clients. And if they failed, whatever the charge was, they would assign the newest attorney in the office. And the particular case involved was a first-degree capital murder case, and it was tried by someone who was about six months out of law school. So even if they're a one, that's not enough. Well, using your example, if they're a one at a point where there's a constitutional right to counsel, I would strongly disagree. If you have ineffective counsel at a point in time, which is at your trial and through your direct appeal, if you have ineffective counsel, that's where Strickland clearly comes in. And if counsel's asleep and not doing anything at all, you might even have Cronick come in. We know what effective is. We know what an effective habeas lawyer is. It's somebody who, as counsel described, reaches out, interviews witnesses, re-interviews witnesses, the kind of thing described in Richard North Patterson's book called Conviction, which I would commend to your reading. If you do this kind of work regularly, it sounds like you do. She's right, isn't it? I mean, we know what a really good habeas corpus lawyer does. Sure, but I would also say that habeas corpus is unique in the sense that by the time it hits the federal court, the issue should have been developed in the state court. That's what the exhaustion requirement is all about. And that's what this habeas corpus statute is all about, that the facts be developed in the state court if at all possible. So I don't believe that it's necessarily, if I were on Ms. Cartlidge's side, representing a petitioner in a federal habeas corpus, I'm not sure whether I would be derelict if I didn't go out and start reinvestigating the case. If I looked at the record as it has been developed in the state court and said to myself, the record looks fine to me, there's really nothing more to investigate, I don't think that I'm being remiss by not going out and seeking discovery or trying to develop new issues, which in fact will then most likely be unexhausted in the federal court, I may have a reason for saying here are the issues that were presented before, and I'm going to raise the issues that were presented in the state court and present them in the federal court. Isn't there a different way to look at this instead of trying to shoehorn it in to whether there's some constitutional right on ineffective assistance counsel on habeas is to determine whether these claims can be entertained, as 60B in the normal civil context is a little different than it is in the habeas. And at least one or two other circuits have said you really just run this through the second successive petition analysis, and then you figure out, you don't argue about all this about, you know, whether it was ineffective or not, see if you have a basis for seconding successive petition, and if you do, potentially then you consider it under that grounds. What's your response to that? I think that's probably the better approach, and if there's a problem, then certainly Ms. Cartlidge or other counsel or whomever could file a petition with this court for permission to file a second petition. Why wouldn't we just treat this under, well, the petition's now been filed, in effect. Why wouldn't we review it under that rubric, because it's in front of us, and determine whether or not, in effect, to grant a certificate of appeals to one or more of these issues? For one thing, I'm not sure that the issues, I think that under the current habeas statute, there is the threshold for having a second or successive petition is an extremely high threshold. I haven't seen this court grant too many permissions to too many petitioners. That's true. It is extraordinarily rare. I think the difference is that under Rule 60B, you're looking at whether, in fact, the district court in the first instance abused his discretion, and whether Judge Hicks abused his discretion in making that denial, whereas under a second or successive petition, Judge Hicks or any other United States district judge is bypassed completely, and it's this court looking at the application, which is presented specifically as an application for a second or successive petition, and is presented in this court following the habeas statute, and applies that standard. I think it's because there's different standards with respect to Rule 60B and a second or successive petition under 2254. That's my response with respect to the Rule 60 argument. This cartilage did not address the other issues. I would like, since the court granted 15 minutes for oral arguments, I would like to spend a few minutes with respect to the other issues. We do it routinely because of the seriousness of the case. And this is a very serious case, Mr. Gurry. It doesn't mean you have to use it. I understand that, and brevity is sometimes the soul of wit. I would just say, being brief with respect to the three substantive issues, the eyewitness identification issue, the challenge to the grand jury, and whether the counsel was ineffective for not seeking a state petition for writ of habeas corpus to challenge the second grand jury, and the juror misconduct issue, and the gun issue as well, there's four actually, that all of those issues were addressed. This is a case that I was actually looking in the exhibit record that was filed. The jury trial itself lasted 22 volumes of transcript between the guilt phase and the penalty phase of this case. The Nevada Supreme Court made a very thoughtful opinion. It's the Echevarria v. State case, which Ms. Hartlich provided and which is in her supplemental exhibits. And the Nevada Supreme Court, with respect to all four of those issues, gave a thoughtful analysis. And the bottom line is, in the context of federal habeas corpus and the deference that this court owes, the decision of the Nevada Supreme Court with respect to those four issues was not objectively unreasonable. They were thoughtful. There was thoughtful analysis. In fact, with respect to the grand jury issue, even though we don't cite it in our brief, the Nevada Supreme Court specifically cited to a U.S. Supreme Court case, United States v. Mechanic, with respect to that grand jury errors are basically cured if there's ultimately a trial where guilt on a higher standard is established. But overall, it's our position that with respect to those four issues, that the decision by the Nevada Supreme Court was not objectively unreasonable. The eyewitness identification expert issue sets up a little differently, I think, because in that case, the Nevada Supreme Court found as a matter of state law that the expert should have been allowed to testify. So I don't see anything from the Nevada Supreme Court that sets up a legal determination on the due process issue, which I understand is different. But I don't see that adjudicated or passed upon by the Nevada Supreme Court. Well, actually, they said both with respect to that and the gun issue, that there was actually error by the state district court. But they also made a determination that that error was, in fact, harmless, given the strength of the state's case. And I will acknowledge, and I think I would be a fool not to, that with respect to the co-defendant, Echevarria, the evidence was hugely, was quantifiably much stronger against him than it was against Mr. Gurry. But there was, in fact, a very strong circumstantial case when you tied together all the pieces, including the identification of not only the witness who saw Mr. Gurry behind the wheel of the getaway vehicle, but also the other witness who saw him with respect to the license plate for which Mr. Gurry's fingerprints, the stolen license plate, which contained Mr. Gurry's fingerprints, that all the evidence in the Nevada Supreme Court was objectively correct when it said, if you put together all the evidence, there was enough evidence to sustain a proof of guilt with regard to Mr. Gurry beyond a reasonable doubt. So any error, in fact, was harmless. With that, unless the Court has any more questions, I thank you for your time. I would renew, just for the record, the motion to strike with respect to the excerpt of the record that the supplemental excerpt of the record that contained documents that were not part of the record below. And I would thank the Court for this consideration and I would ask the Court to affirm the district court in its entirety. Judge Hicks' order was, I think, very thoughtful and complete and I think serves a good basis for this Court's decision. Thank you, counsel. Ms. Cartlidge? Yes, Your Honor. I do agree that Mr. Gurry is not entitled to effective assistance of counsel on post-conviction. However, in this particular case, the Court appointed prior counsel pursuant to 18 U.S.C. 3006A, which does entitle him to adequate counsel. And if it is true that he was a 2 out of a 10, as my worthy opposing counsel said, on a scale of 2 to 10, 1 to 10, then I don't think that qualifies as adequate counsel. I think Judge Hicks even said, this man did a bad job. All we want is one competent counsel representing him looking at this and letting the federal courts look at this. This was a case that was riddled with problems, including there's a question of guilt. And although I know you have to give some deference to the state court holdings, I would ask the Court to please look at two things. One is to review in my brief how the facts really can be interpreted a different way and see how there were many, many facts that could have been disputed. For example, the identifications and all of those. And I'm not going to go back into all of that. But many of the people who testified at the trial were people who could have been reinterviewed, who could have been mistaken about what they saw, particularly the identifications, the fingerprints, all of that was under question. The fingerprints were, I think, and I'm not positive about this because like I said, the file is so huge, were found on the license plates, but the license plates were found in the apartment or on this large... Were they in the front yard? That was the license plates of Echeverria's. And those did not have the fingerprints of Mr. Gurry. So I do apologize to the Court for that. The other thing I would like the Court to look at is anywhere in the ER to see what kind of pleadings this prior counsel filed. They are literally cut and paste. They are literally things that were taken from one document and pasted on another piece of paper, and those things that documents from which they were taken are the pro se pleadings of Mr. Gurry. So how did he have counsel? My suggestion is at least he should have had counsel that didn't hurt him. And there's no question in my mind here that Mr. Picker hurt him. I've got a client who is pleading innocent, and when I have that, regardless of what I think about it, I've got to look back into it or I've completely failed my duty as CJA counsel. And so though he may not have been entitled to effective counsel, whatever that means, he certainly was entitled to adequate counsel. And adequate counsel doesn't take the client's pro se pleadings, paste them together on a page. The only thing he filed that was his own was a four-page supplement in which he put some extra issues in there that he later withdrew. And so I do not think that this qualifies. I would like to say one thing about the Elizabeth Loftus issue. That was found as error by the Nevada Supreme Court, and that would have made a tremendous difference. And I'd like for the court to also look at that and the other issues that we have raised, both certified and not. Thank you, counsel. Thank both counsel for their arguments. The case just argued will be submitted for decision, and the court will stand in recess for the day. Thank you, counsel.
judges: Hawkins, McKeown, Clifton